The opinion of the Court was delivered by
Munro, J.
It is by no means our intention to review the testimony adduced upon the trial of this case, with the view to discover whether or no the jury by their verdict have reached a conclusion that is sustained by the proof. This was a matter *343 within tbeir exclusive province, and one which we have no desire to invade.
There are several matters, however, disclosed by the report of the Commissioner of Special Bail — and entirely apart from the evidence — which we deem of sufficient importance to warrant us in sending the case back, in order that it may be again submitted to the consideration of another jury. Besides, as the charge against the defendant is one, which, in its consequences at least, is essentially penal, it is, therefore, due to the proper administration of justice, while at the same time it is of the last importance to the accused, that in the investigation of the case, he should have the full benefit of all the safe guards which the law has provided for the protection of those who are called upon to answer to a criminal accusation.
It appears from the commissioner’s report, and the statements of counsel, that the defendant’s schedule was filed on the 24th of Feb., 1855, and that on the 3d of March following, the commissioner, for reasons which to him were entirely satisfactory, permitted the defendant to amend it, by inserting therein, a buggy, and seventy dollars in money, in the hands of one Barnett.
Now, although there can be no more room to doubt the commissioner’s authority to allow the defendant to amend his schedule, than there is reason to question the propriety of its exercise, still it is manifest, that the bare existence of a state of things requiring the exercise of such a powe'r in order to perfect the schedule, was of itself sufficient — especially when unexplained, — to create in the minds of the jury, animpression prejudicial to the defendant, although in realiáwr8m-mu¥^ffect of the amendment in question, was to jflafiéj¡Jsum m tne -tome position he would havewoccupied, had «^imeduleh^s^é^ginally complete. n
This was a matter which we sh|®cT ^ explained by the commissioner to the *344 from their minds any unfavorable influence which such a circumstance was so well calculated to produce.
There is also another matter in the report which we deem it proper to notice. It is therein stated, that while the commissioner was testifying as a witness in the case, he was stopped by one of the counsel, and thereupon ceased to testify any further.' This the commissioner should not have allowed; for in the tribunal in which he was then presiding, his position was that of a judge, and where it was his exclusive province, as the only constituted organ of the law, to decide upon all questions of evidence that may have arisen during the progress of the trial.
The motion for a new trial is therefore granted.
ON ball, Wardlaw, Whitrer and G-lover, JJ., concurred.
Motion granted.